**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| MELISSA LOVE on behalf of JLL,<br>Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 3:25-CV-883-JEM |
| FRANK BISIGNANO, Commissioner of the Social Security Administration,<br>Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1] filed by Plaintiff on October 25, 2025, and Brief in Support of Plaintiff's Complaint to Review Decision of Commissioner of Social Security Administration [DE 22], filed May 20, 2026. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On August 24, 2026, the Commissioner filed a response, and on September 14, 2026, Plaintiff filed a reply.

## I. Background

On August 30, 2021, Plaintiff filed an application for benefits alleging that the minor child claimant became disabled as of July 26, 2021. Plaintiff's application was denied initially and upon consideration. Her claims were appealed to this court and remanded back to the ALJ for additional analysis. On February 21, 2025, an Administrative Law Judge ("ALJ") held a hearing at which the minor claimant, along with an attorney, the claimant's mother, and a vocational expert ("VE") testified. On June 27, 2025, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant was a school-age child on the date the application was filed and is currently an adolescent.

2. The claimant has not engaged in substantial gainful activity since August

30, 2021, the application date.

3. The claimant has the following severe impairments: attention deficit hyperactivity disorder (ADHD); language impairment; and specific learning disorder.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings.

6. The claimant has not been disabled, as defined in the Social Security Act, since August 30, 2021, the date the application was filed.

When the ALJ's decision became the final decision of the Commissioner, this appeal was filed.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE 16]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ "will reverse an ALJ's decision only if it is the result of an error of law or if it is unsupported by substantial evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023). "A reversal and remand may be required, however, if the ALJ committed an error of law, or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014). At a minimum, "[a]n ALJ must provide an adequate 'logical bridge' connecting the evidence and [the] conclusions, but an ALJ's opinion need not specifically address every single

piece of evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023) (quoting *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010)).

At step three of the ALJ's five step evaluation, if the child does not meet or equal a Listing, eligibility for benefits may nevertheless be found based on "functional equivalence." 20 C.F.R. § 416.926a ("Functional equivalence for children"). To determine functional equivalence, the ALJ rates the child's degree of limitation as either "no limitation," "less than marked," "marked," or "extreme" in the following six "domains": "(1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for [one]self; and (6) health and physical well-being." 20 C.F.R. § 416.926a(b)(1)(i)-(vi). A finding of "marked" limitation in two domains or an "extreme" limitation in one domain results in a finding of disability. 20 C.F.R. § 416.926a(a), (d). A "marked" limitation is found when the child's "impairment(s) interferes seriously with [their] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). A "marked" limitation also means a limitation that is "more than moderate" but "less than extreme." *Id.* In making the findings, the ALJ considers the child's functioning in their activities at home, at school, and in the community. 20 C.F.R. § 416.926a(b)(1). For functional equivalence, the child's functioning is not compared to the requirements of any specific Listing. 20 C.F.R. § 416.926a(d).

## III. Analysis

Plaintiff argues that the ALJ erred in failing to follow the Appeals Council Order, and failed to adequately address the evidence. The Commissioner argues that the opinion is supported by substantial evidence.

Plaintiff argues that the ALJ's conclusion that Plaintiff has less than marked limitation in her ability to attend and complete tasks is not supported by substantial evidence and does not

correct the errors identified by the Appeals Council. The Appeals Council found that the previous decision "d[id] not contain an adequate evaluation of the claimant's limitations in the domain of attending and completing tasks," AR 716, and "did not provide an adequate evaluation of the state agency psychological consultant's prior administrative medical findings." AR 717. Plaintiff argues that the new evaluation of whether she experienced marked limitations in attending and completing tasks is still inadequate and fails to address evidence inconsistent with the ALJ's finding.

The ALJ found that plaintiff "has marked limitations in acquiring and using information," AR 646, and "less than marked limitations in attending and completing tasks." AR 647. The ALJ repeatedly referred to the hesitancy of Plaintiff's mother to put Plaintiff on ADHD medication, apparently as a reason to discount Plaintiff's ability to focus on tasks or possibly the ADHD diagnosis. The Commissioner argues that the question of medication "was not central to disability determination" so that any misstatements of the ALJ regarding her willingness to consider medication do not require remand. Def. Br. 10-11 [DE 26]. Plaintiff argues that this is contrary to the Appeals Council's direction, which pointed out that the records identified by the ALJ as demonstrating refusal to medicate Plaintiff's ADHD did not support that contention, and that the record instead reflected that Plaintiff's mother actually was interested in medication. AR 717.

The Court is concerned that even if the question of whether Plaintiff's use of medication was not the sole reason that the ALJ found that Plaintiff is not disabled, it again raises concerns about the ALJ's treatment of the evidence and is part of a general downplaying of the ADHD diagnoses in the record, if not complete disregard for the Appeals Council's directives. For example, the ALJ emphasizes that one examining physician "found that the claimant did not appear to be hyperactive," AR 647, citing to Exhibit B6F/5, but that reference is to the note from one office visit indicating that during that visit the patient "d[id] not appear anxious or hyperactive."

AR 408. The record is replete with mentions of ADHD diagnosis and Plaintiff's difficulties focusing. Indeed, the Appeals Council found that the prior decision "d[id] not contain an adequate evaluation of the claimant's limitations in the domain of attending and completing tasks is needed," particularly pointing out records indicating behavior consistent with ADHD. AR 716-17. An indication that an individual was not demonstrating anxiety or hyperactivity during a few minute doctor visit is different than opining that she never exhibits symptoms of ADHD or is always able to focus, and is further indicative that the ALJ engaged in concerning cherry-picking of evidence. *See Yurt v. Colvin*, 758 F.3d 850, 859 (7th Cir. 2014) ("An ALJ cannot rely only on the evidence that supports her opinion.") (quoting *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013)); *Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) ("[T]he ALJ identified pieces of evidence in the record that supported her conclusion that [the plaintiff] was not disabled, but she ignored related evidence that undermined her conclusion. This 'sound-bite' approach to record evaluation is an impermissible methodology for evaluating the evidence."); *Denton v. Astrue*, 596 F.3d 419, 426 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding.").

The evaluation in 2025 concluded that Plaintiff suffered from three specific learning disorders, a somatic symptom disorder, and ADHD with "predominantly inattentive presentation," again indicating that, although called "attention-deficit/hyperactivity disorder," it does not require a patient to always act in an overly excited manner. AR 963. Although the ALJ mentioned the evaluation, she characterized it as "suggesting the feigning of an impairment" AR 647, and did not mention the rest of its findings, including the way the memory testing was reflected in the examining psychologist's diagnosis. The Court is unable to trace a logical bridge from the cherry-

picking of evidence to the ALJ's conclusion that, despite copious evidence in the record that Plaintiff is far behind grade level in school and has significant difficulty focusing, she has "less than marked limitations in attending and completing tasks." Although the ALJ's failure to comply with the Appeals Council's order may not itself be sufficient to require reversal and remand, *see, e.g.*, *Oak v. Kijakazi*, No. 22-CV-138-SLC, 2022 WL 17580595, at *3 (W.D. Wis. Dec. 12, 2022), it is indicative of the ALJ's cherry picking of evidence that is supportive of her determination and discounting or misstating evidence to the contrary.

This case must be remanded for a thorough weighing of the evidence in the record, including considering the numerous psychological and educational reports demonstrating Plaintiff's limitations, and clearly explaining how claimant's functional equivalence is supported by the record. Given the repeated remand and failure to comply with the Appeals Council's directives, the Court recommends that a new ALJ be appointed on remand.

## VI. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Brief in Support of Plaintiff's Complaint to Review Decision of Commissioner of Social Security Administration [DE 22] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 24th day of November, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record